IN THE SUPERIOR COURT FOR RICHMOND COUNTY
STATE OF GEORGIA

CLERK OF SUPERIOR, STATE
AND JUVENILE COURT
FILED FOR RECORD

2018 MAY 24  PM 1:10

HATTIE HOLMES SULLIVAN
CLERK, RICHMOND CO., GA.

BRENDA D. WHITE and husband,
ULYSSES WHITE,

      Plaintiffs,

      v.

COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.,
and
EXCELL REFRIGERATION OF
SOUTH CAROLINA, INC.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION

NO. 2018 RCCV 270

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

COSTCO WHOLESALE CORPORATION
Thru Its Registered Agent:
CT Corporation System
289 S. Culver Street
Lawrenceville, GA  30046-4805

      You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorney, whose name and address is:

David A. Wood
Wood & Wood, LLP
P.O. Box 81052
Conyers, GA  30013
Office (678) 509-1191
Facsimile (678) 509-1192
davidwood@woodandwoodllp.com

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, or if service by publication within 60 days of judges order of publication, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This the ___24th___ day of ___May___, 20_18_.

_Delsa J Powell_
Deputy Clerk

DEFENDANT'S EXHIBIT

A

CLERK OF SUPERIOR, STATE
AND JUVENILE COURT
FILED FOR RECORD

**IN THE SUPERIOR COURT FOR RICHMOND COUNTY**
**STATE OF GEORGIA**

2018 MAY 24  PM 1: 10

HATTIE HOLMES SULLIVAN
CLERK, RICHMOND CO., GA.

| | | |
|---|---|---|
| **BRENDA D. WHITE and husband,** | ) | |
| **ULYSSES WHITE,** | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| **v.** | ) | NO. *2018 RCCV 270* |
| | ) | |
| **COSTCO WHOLESALE CORPORATION,** | ) | |
| **COSTCO WHOLESALE, MEMBERSHIP,** | ) | |
| **INC.,** | ) | |
| **and** | ) | |
| **EXCELL REFRIGERATION OF** | ) | |
| **SOUTH CAROLINA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | MICHAEL N. ANNIS |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs in the above-styled action, and state as follows:

### JURISDICTION AND VENUE

1.

Plaintiffs, Brenda and Ulysses White, are citizens and residents of Knoxville, Knox County, Tennessee.

2.

Defendant, Costco Wholesale Corporation, is a Washington State corporation, doing business in Georgia, with a registered agent on file with the Georgia Secretary of State, CT Corporation, located at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805, and is subject to the jurisdiction and venue of this Court by virtue of O.C.G.A § 9-10-93.

CLERK OF SUPERIOR, STATE
AND JUVENILE COURT
FILED FOR RECORD

2018 MAY 24  PM 1: 10

SULLIVAN
CLERK, RICHMOND CO., GA

3.

Defendant, Costco Wholesale Membership, Inc., is a Washington State corporation, doing business in Georgia, with a registered agent on file with the Georgia Secretary of State, CT Corporation, located at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805, and is subject to the jurisdiction and venue of this Court by virtue of O.C.G.A § 9-10-93.

4.

Defendant, Excell Refrigeration of South Carolina, Inc., is a South Carolina corporation, doing business in Georgia, with a registered agent on file with the Georgia Secretary of State, National Registered Agents, Inc., located at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805, and is subject to the jurisdiction and venue of this Court by virtue of O.C.G.A § 9-10-93.

5.

The slip-and-fall incident involving the aforementioned parties, which is the basis of this Complaint, occurred on May 27, 2016, in Richmond County, Georgia, at the Costco Wholesale store located at 825 Alexander Drive, Augusta, Georgia 30909, which is owned and operated by Defendants, Costco Wholesale Corporation and Costco Wholesale Membership, Inc. (hereinafter sometimes collectively referred to as "the Costco Defendants").

6.

Jurisdiction and Venue are proper before this Court.

STATEMENT OF FACTS

7.

All preceding statements and allegations of Plaintiffs' Complaint are incorporated herein and realleged as if expressly set forth herein.

8.

On Friday, May 27, 2016, at approximately 11:30 a.m., Brenda White was a business invitee and patron of the Costco Wholesale store located at 825 Alexander Drive, Augusta, Georgia 30909.

9.

At said time and place, the Costco Defendants owned, operated and maintained the Costco Wholesale store at issue.

10.

At said time and place, Plaintiff Brenda White was carefully and prudently walking in or near the wine aisles of the Costco Wholesale store at issue when she slipped and fell in a clear liquid near one of the store's coolers.

11.

Plaintiff Brenda White was exercising due care, was walking safely, and using all of her senses to discover and avoid hurtful things at all times leading up to the slip-and-fall incident at issue.

12.

At all times herein material, and especially because they encourage others to enter the premises to further their own purpose, the Costco Defendants were responsible for making reasonable and ordinary efforts to inspect and maintain the floors within the Costco Wholesale store such that invitees and patrons would not fall and injure themselves due to dangerous conditions on or about the floor.

13.

Alternatively, the Costco Defendants were responsible for making reasonable and ordinary efforts to warn patrons such as Mrs. White of dangerous conditions on or about the premises.

14.

The Costco Defendants knew or should have known about the dangerous condition of the floor at the time of Plaintiff Brenda White's fall.

15.

The Costco Defendants had actual or constructive knowledge of the dangerous condition of the

floor at the time of Plaintiff Brenda White's fall.

16.

The Costco Defendants, through their agents and employees, failed to correct and/or remove the dangerous condition of the floor at the time of Plaintiff Brenda White's fall.

17.

Alternatively, the Costco Defendants failed to warn invitees and patrons, such as Plaintiff Brenda White, about the dangerous condition of the floor at the time of Mrs. White's fall.

18.

The actual and/or constructive notice provided to the Costco Defendants concerning the wet floors made it foreseeable that serious bodily harm could be caused to the Plaintiff and others similarly situated unless efforts were made to clean up the wet floor and notify Mrs. White and others that the floor was wet.

19.

Upon information and belief, and based upon information provided by representatives of the Costco Defendants, Plaintiffs aver that Defendant Excell Refrigeration of South Carolina, Inc., was employed by the Costco Defendants to provide for maintenance of certain food and/or beverage coolers within the Costco Wholesale store at issue at all times material.

20.

Upon further information and belief, and based upon information provided by representatives of the Costco Defendants, Plaintiffs aver that Defendant Excell Refrigeration of South Carolina, Inc., failed to adequately insulate a water line on a cooler near the location where Plaintiff Brenda White fell.

21.

To the extent Defendant Excell Refrigeration of South Carolina, Inc.'s failure to adequately insulate a water line on a cooler near the location where Plaintiff Brenda White fell caused the

cooler to leak on the floor, Defendant Excell Refrigeration of South Carolina, Inc., likewise bears some responsibility for the injuries and other damages sustained by the Plaintiffs.

22.

Plaintiff was without fault in causing the aforementioned slip-and-fall incident.

23.

As a result of the subject incident, Plaintiff Brenda White suffered damages, including bodily injuries.

24.

To date, Plaintiff Brenda White has incurred medical expenses for the treatment of injuries suffered from the slip-and-fall incident in such amounts to be proven at hearing or trial before this Court.

25.

To date, Plaintiff Brenda has suffered other damages in the form of pain and suffering in such amounts as to be proven at hearing or trial before this Court.

26.

Due to the injuries sustained by his wife, and the requisite treatment and care related thereto, Plaintiff Ulysses White has suffered a loss of the consortium and companionship of his wife, as well as other financial damages.

## COUNT ONE: NEGLIGENCE
## OF THE COSTCO DEFENDANTS

27.

All preceding statements and allegations of Plaintiffs' Complaint are incorporated herein and realleged as if expressly set forth herein.

28.

On the date and time of the subject incident, the Costco Defendants owed Plaintiff a duty of care to adequately inspect and maintain the floors of the Costco Wholesale store at issue in order to

sufficiently remove or otherwise correct any unreasonably dangerous conditions upon the floor or, alternatively, to adequately warn invitees/patrons such as Plaintiff Brenda White that an unreasonably dangerous condition existed, such that she could take further precautions to protect herself.

29.

The Costco Defendants breached the duty of care they owed to Plaintiff.

30.

Specifically, the Costco Defendants breached their duty of care in the following ways:

a)   By failing to take reasonable, ordinary and appropriate steps to prevent foreseeable harm to invitees and patrons caused by the dangerous, defective and/or unsafe condition on or about the premises on May 27, 2016.

b)   By failing to inspect, correct and otherwise remove the dangerous, defective and/or unsafe condition on or about the premises on or about May 27, 2016.

c)   By failing to take reasonable, ordinary and appropriate steps to notify invitees and patrons that Defendants had not taken reasonable, ordinary, and appropriate steps to clean up and dry the floors of the Costco Wholesale store upon receiving notice of the dangerous condition.

d)   By failing to provide and ensure appropriate and/or adequate supervision and oversight of staff with respect to inspection and maintenance of the floors at the Costco Wholesale store when Defendants knew that conditions such as those that existed at the time of the incident at issue

created a reasonably foreseeable risk of injuries to Costco invitees and

patrons.

e)  By failing to adequately instruct and train their employees, agents and

staff relative to the handling of situations on or about the Costco

Wholesale store premises involving dangerous, unsafe, wet and/or

otherwise slippery floors and walkways.

31.

These breaches of the duty of care owed to Plaintiffs constitute actionable negligence.

32.

The direct, legal and proximate cause of the injuries and damages suffered by Plaintiffs are the

negligent acts of the Costco Defendants, by and through their agents and employees.

COUNT TWO: NEGLIGENCE PER SE
OF THE COSTCO DEFENDANTS

33.

All preceding statements and allegations of Plaintiffs' Complaint are incorporated herein and

realleged as if expressly set forth herein.

34.

On the date and time of the subject collision, the Costco Defendants owed a statutory duty of

care to business invitees, including Plaintiff Brenda White, to exercise ordinary care in keeping

the premises and approaches safe. O.C.G.A. § 51-3-1.

35.

The Costco Defendants breached the statutory duty of care they owed to Plaintiff.

36.

Specifically, the Costco Defendants breached their statutory duty of care in the following ways:

a)   By failing to take reasonable, ordinary and appropriate steps to prevent foreseeable harm to invitees and patrons caused by the dangerous, defective and/or unsafe condition on or about the premises on May 27, 2016.

b)   By failing to inspect, correct and otherwise remove the dangerous, defective and/or unsafe condition on or about the premises on or about May 27, 2016.

c)   By failing to take reasonable, ordinary and appropriate steps to notify invitees and patrons that Defendants had not taken reasonable, ordinary, and appropriate steps to clean up and dry the floors of the Costco Wholesale store upon receiving notice of the dangerous condition.

d)   By failing to provide and ensure appropriate and/or adequate supervision and oversight of staff with respect to inspection and maintenance of the floors at the Costco Wholesale store when Defendants knew conditions such as those that existed at the time of the incident at issue created a reasonably foreseeable risk of injuries to Costco invitees and patrons.

e)   By failing to adequately instruct and train their employees, agents and staff relative to the handling of situations on or about the Costco Wholesale store premises involving dangerous, unsafe, wet and/or otherwise slippery floors and walkways.

37.

These breaches of the duty of care owed to Plaintiffs constitute actionable negligence per se.

38.

The direct, legal and proximate cause of the injuries and damages suffered by Plaintiffs is the negligence per se of the Costco Defendants, by and through their agents and employees.

## COUNT THREE: NEGLIGENCE
## OF DEFENDANT EXCELL REFRIGERATION OF
## SOUTH CAROLINA, INC.

### 39.

All preceding statements and allegations of Plaintiffs' Complaint are incorporated herein and realleged as if expressly set forth herein.

### 40.

On the date and time of the subject collision, and based upon information provided by representatives of the Costco Defendants, Plaintiffs aver that Defendant Excell Refrigeration of South Carolina, Inc., owed Plaintiff a duty of care to maintain the coolers at the Costco Wholesale store at issue such that they did not cause water to be dripped, poured or otherwise spilled on or about the floor of the Costco Wholesale store in Augusta, Georgia.

### 41.

It was reasonably foreseeable that Defendant Excell Refrigeration of South Carolina, Inc.'s failure to adequately maintain the coolers at the Costco Wholesale store at issue could result in an unreasonable risk of harm to Costco invitees and patrons, such as Plaintiff Brenda White.

### 42.

Upon information and belief, Defendant Excell Refrigeration of South Carolina, Inc., breached the duty of care it owed to Plaintiff.

### 43.

This breach of the duty of care owed to Plaintiffs constitute actionable negligence.

### 44.

The direct, legal and proximate cause of the injuries and damages suffered by Plaintiffs is the negligent acts and/or omissions of Defendant Excell Refrigeration of South Carolina, Inc.

WHEREFORE Plaintiffs, respectfully demand that judgment be entered in their favor against the Costco Defendants and Defendant Excell Refrigeration of South Carolina, Inc., and that Plaintiffs receive an award of damages in a fair and reasonable amount to include all damages recoverable at law including:

    a.  Provide a trial by a jury of twelve;

    b.  That Defendants be served with summons, process and a copy of this Complaint as provided by law;

    c.  Find the Costco Defendants were negligent and negligent per se and the Defendants' actions were the cause of Plaintiffs' damages;

    d.  Find the Defendant Excell Refrigeration of South Carolina, Inc., was negligent and the Defendant's actions were the cause of Plaintiffs' damages;

    e.  Award Plaintiffs damages including cost of medical treatment of injuries, mileage, pain and suffering, and loss of consortium, sustained by Plaintiffs in an amount to be proven before this Court at a hearing or trial as a result of Defendants' negligence and, with respect to the Costco Defendants, negligence per se; and

    g.  Award any other relief as the Court may deem just and proper in the circumstances.

Respectfully submitted this 23rd day of May, 2018.

David A. Wood
Georgia Bar Number 143083
Wood & Wood, LLP
P.O. Box 81052
Conyers, Georgia 30013
Office: (678) 509-1191
Facsimile: (678) 509-1192
davidwood@woodandwoodllp.com

Zachary B. Tenry
(Application for *pro hac vice* admission pending)
Tenry Law Firm
239 South Peters Rd.

Knoxville, Tennessee 37923
Office: (865) 247-5689
Facsimile: (865) 454-8363
zach@tenrylaw.com

IN THE SUPERIOR COURT OF _Richmond_ COUNTY, GEORGIA

CIVIL ACTION FILE NO: _2018 RCCV 270_

_Brenda D. White and husband,_
_Ulysses White_ )
PLAINTIFF(S), )
_Costco Wholesale Corporation,_ )
VS. _Costco Wholesale, Membership_ )
_Inc., and_ )
_Excell Refrigeration of South Carolina,_ )
DEFENDANT(S). )

CLERK OF SUPERIOR STATE
AND JUVENILE COURT
FILED FOR RECORD

2018 MAY 24  PM 1:10

HATTIE HOLMES SULLIVAN
CLERK, RICHMOND CO., GA.

## STANDING ORDER FOR MEDIATION IN CIVIL CASES

In accordance with the mandate of the Georgia Constitution of 1983 that the judicial branch of government provide "speedy, efficient and inexpensive resolution of disputes and prosecutions," and pursuant to Uniform Superior Court Rule 1.2 as well as the Georgia Supreme Court's Alternative Dispute Resolution Rules encouraging the use of alternative dispute resolution by the courts of this state, the following **Standing Order for Mediation in Civil Cases** is hereby entered. As set forth herein, all contested civil matters filed in the Superior Courts of the Augusta Judicial Circuit, unless exempted, as set forth below, must be mediated in accordance with this Order.

**MEDIATION REQUIRED.**

Mediation is a prerequisite to a case's placement on the trial calendar, and must be conducted in compliance with this Order. All such mediations shall be conducted in accordance with the rules of the Augusta Judicial Circuit ADR Program (hereinafter "AJC ADR Program".)

The parties shall agree upon a mediator from the roster of mediators registered by the Georgia Office of Dispute Resolution (http://godr.org/) who have been chosen for service in the AJC ADR Program. A copy of the roster may be obtained by contacting the AJC ADR Program Director, Debbie Goode (hereafter "ADR Director"), at 706-821-2357 or dgoode@augustaga.gov.

Parties shall contact the mediator directly and schedule the mediation. The plaintiff's counsel shall provide the date of the mediation and the name of the mediator selected and agreed to by all parties, by completing the attached Notice of Mediation Status form (Attachment A hereto) which must be provided by email or U.S. mail to the ADR Director, prior to the scheduled session. Unless otherwise agreed, the parties shall share the cost of the mediator equally, and should be prepared to pay the mediator at the conclusion of the session. Should the parties fail to agree upon a mediator, the court or the ADR Director will appoint one for them and may set the fee. If any party is unable to afford the cost of mediation, they may contact the ADR Office to request an Application for Fee Waiver/Fee Reduction.

Should the parties desire to use a mediator not on the AJC ADR Program roster, they are permitted to petition the court to utilize any mediator provided he/she is registered with the Georgia Office of Dispute Resolution in the appropriate category. If approved, prior to mediation, Plaintiff shall notify the ADR Director in writing of the name of the mediator, and the time and location of mediation. He/she shall be paid in accordance with the agreement of the parties and said mediator.

The parties and their counsel shall negotiate in *good faith* to resolve all issues in this case with the mediator. Within *seven* calendar days after mediation the parties shall notify the ADR Director whether mediation was successful by completing and submitting to the ADR Director a copy of the attached Attestation Form (Attachment B hereto,) as set forth below in the provision

2

of this order entitled 'Attestation of Mediation Participation or Exemption.   In the absence of settlement, the parties lose none of their rights to a final hearing or trial.

Compliance with this Order does not require the parties to reach a settlement.  The mediator has no authority to compel settlement.  Any settlement is entirely voluntary.

### APPEARANCE.

The presence of parties at all mediation conferences is required unless the court excuses attendance for good cause shown.  The requirement that a party appear at a mediation conference is satisfied if the following persons are physically present:

(a)   The party and/or:

    (1)   The party's representative who has:

        (i)   Full authority to settle without further consultation; and

        (ii)   A full understanding of the dispute and full knowledge of the facts;

    (2)   A representative of an insurance carrier for any insured party if that representative has full authority to settle without further consultation, except that telephone consultations with persons immediately available are permitted.   Appearance of an insurance carrier's representative by telephone is only permitted if all parties agree to such telephonic appearance.

### DISCRETIONARY EXEMPTIONS.

Any party may petition the court to exempt the case from mediation by filing a Mediation Exemption Petition, a copy of which shall also be provided to the ADR Director.  An exemption from mediation may be requested for the following reasons:

3

(a)     The issue(s) to be considered has been previously mediated by a mediator registered with the Georgia Office of Dispute Resolution;

(b)     The issue(s) presents a question of law only;

(c)     Good cause shown before the judge to whom the case is assigned.

Any exemption shall be within the discretion of the court.


## MANDATORY EXEMPTIONS.

The following shall be exempt from mediation except upon petition of all parties or upon *sua sponte* motion of the court:

(a)     Appeals from rulings of administrative agencies;

(b)     Forfeitures of seized properties;

(c)     Bond validations; and

(d)     Declaratory relief.


## CONFIDENTIALITY AND PRIVILEGE.

The Georgia Supreme Court Alternative Dispute Resolution Rules and the Augusta Judicial Circuit Alternative Dispute Resolution Rules provide protections, immunities, and benefits to parties, counsel, and registered neutrals in properly conducted court-connected mediations. All submissions provided to a registered mediator, discussions, representations, and statements made in connection with a court-connected mediation proceeding shall remain confidential and privileged consistent with Georgia law. Parties and neutrals acting in a court-annexed or court-referred ADR process are entitled to these confidentiality and immunity protections. (Supreme

4

Court ADR Rule 6.1 and 6.2.)  Non-registered mediators do not have the confidentiality or immunity protections provided by the Supreme Court of Georgia.

**ATTESTATION OF MEDIATION PARTICIPATION OR EXEMPTION.**

Prior to requesting a pretrial conference or trial date, the requesting party is directed to complete and submit a filed copy of the attached Attestation Form to the ADR Director.  The original attestation shall be filed with the Clerk of Court.  Failure to attest will result in continuance of the matter until compliance is demonstrated.

**EFFECTIVE DATE OF ORDER**

This Order shall become effective the date it is filed and shall apply to all civil cases except those exempted as described above.

SO ORDERED this _____ day of _____, 20___.

_____
Judge, Superior Court
Augusta Judicial Circuit

5

IN THE SUPERIOR COURT OF _Richmond_ COUNTY, GEORGIA

CIVIL ACTION FILE NO. _2018 RCCV 270_

Brenda D. White and husband,
Ulysses White
_____
PLAINTIFF,

VS.

Costco Wholesale Corporation,
Costco Wholesale membership, Inc, and
Excell Refrigeration of South Carolina Inc.
DEFENDANT.

)
)
)
)
)
)
)

## NOTICE OF MEDIATION STATUS
### (Attachment A)

☐ I do hereby confirm that the parties in the above styled action have selected and agreed

to the following registered mediator:

Mediator's Name: _____

Date of Mediation: _____

☐ Parties request a mediator be assigned by the AJC ADR Program.

☐ Been granted an Exemption (See copy attached.)

This _____ day of _____, 20 ___.


_____
Plaintiff's Counsel

Printed Name: _____

6

IN THE SUPERIOR COURT OF _Richmond_ COUNTY, GEORGIA

CIVIL ACTION FILE NO. _2018 RCCV 270_

Brenda D. White and husband,
Ulysses White
_____
                    PLAINTIFF,
                    VS.
Costco Wholesale Corporation,
Costco Wholesale, Membership, Inc. and
Excell Refrigeration of South Carolina, Inc.
                    DEFENDANT.

)
)
)
)
)
)
)
)

## ATTESTATION FORM
### (Attachment B)
I do hereby attest that the parties in the above styled action have;

☐ **Attended Mediation:**

   Date: _____

   Mediator's Name: _____

   Outcome: _____

☐ **Been Granted an Exemption** (See copy attached.)

This _____ day of _____, 20____.


_____
Requesting Party's Signature

Printed Name: _____


Sworn to and subscribed before me,
This _____ day of _____, _____.

_____
Notary Public
My Commission expires: _____

7

**General Civil and Domestic Relations Case Filing Information Form**

CLERK OF SUPERIOR, STATE
AND JUVENILE COURT
FILED FOR RECORD

☑ Superior or ☐ State Court of __Richmond__ County

| For Clerk Use Only | |
|---|---|
| Date Filed ___ MM/DD/YYYY | Case Number ___ |

**Plaintiff(s)**

White, Brenda D. Mrs.
Last / First / Middle I. / Suffix / Prefix

White, Ulysses Mr.
Last / First / Middle I. / Suffix / Prefix

**Defendant(s)**

Costco Wholesale Corporation
Last / First / Middle I. / Suffix / Prefix

Costco Wholesale Membership, Inc.
Last / First / Middle I. / Suffix / Prefix

Excell Refrigeration of South Carolina, I
Last / First / Middle I. / Suffix / Prefix

Plaintiff's Attorney __David A. Wood__ Bar Number __143083__ Self-Represented ☐

**Check One Case Type In One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number    _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.18

🍎 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2018RCCV00270**
MICHAEL N. ANNIS
JUN 27, 2018 11:58 AM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

**IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| BRENDA D. WHITE and husband,<br>ULYSSES WHITE, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | )   Civil Action <br> )   File No.:  2018RCCV270 |
| COSTCO WHOLESALE CORPORATION,<br>COSTCO WHOLESALE MEMBERSHIP, INC.<br>and EXCELL REFRIGERATION OF SOUTH<br>CAROLINA, INC. | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## DEFENDANTS COSTCO WHOLESALE CORPORATION AND COSTCO WHOLESALE MEMBERSHIP, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COME NOW, Defendants Costco Wholesale Corporation, Inc. and Costco Wholesale Membership, Inc. (hereinafter "these Defendants"), in the above-styled civil action, and for their Answer to Plaintiffs' Complaint, show the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against these Defendants.  Accordingly, Plaintiffs' Complaint must be dismissed.

### SECOND DEFENSE

Defendant Costco Wholesale Membership, Inc. is an improper party to this lawsuit and must be dismissed.



DEFENDANT'S
EXHIBIT
B

## THIRD DEFENSE

At all times material hereto, Defendants acted reasonably and prudently. Therefore, there can be no recovery against these Defendants whatsoever.

## FOURTH DEFENSE

The damages complained of by the Plaintiff were proximately caused by the Plaintiff's failure to exercise ordinary care for her own safety. Therefore, there can be no recovery against these Defendants whatsoever.

## FIFTH DEFENSE

The damages complained of by the Plaintiffs were proximately caused by negligent acts of parties or entities, or other circumstances, outside of the control of these Defendants. Consequently, there can be no recovery against these Defendants.

## SIXTH DEFENSE

No act or omission on the part of these Defendants proximately caused Plaintiffs' alleged injuries or damages.

## SEVENTH DEFENSE

Venue is improper in the Superior Court of Richmond County and this case must be transferred or dismissed.

## EIGHTH DEFENSE

Defendants respond to the individually numbered allegations of Plaintiffs' Complaint for Damages, showing the Court as follows:

1.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and, therefore, this paragraph can neither be admitted nor denied.

2.

It is admitted that Costco Wholesale Corporation is a Washington State corporation, doing business in the State of Georgia, with a registered agent as CT Corporation, located at 289 S. Culver Street, Lawrenceville, Georgia.  The remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint are denied, as stated.

3.

The allegations contained in Paragraph 3 of Plaintiffs' Complaint are denied, as stated.

4.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint and, therefore, this paragraph can neither be admitted nor denied.

5.

It is admitted that the alleged incident, forming the basis of the Complaint, allegedly occurred on May 27, 2016, at a Costco store located at 825 Alexander Drive, Augusta, Georgia.  It is admitted that the store is owned and operated by Costco

Wholesale Corporation.   The remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied.

6.

The allegations contained in Paragraph 6 of Plaintiffs' Complaint are denied.

## STATEMENT OF FACTS

7.

These Defendants incorporate herein by reference their responses to Paragraph 1-6 above as if fully set forth herein..

8.

The allegations contained in Paragraph 8 of Plaintiffs' Complaint are generally admitted.

9.

It is admitted that Costco Wholesale owned and operated the store at issue in this lawsuit.  The remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied.

10.

The allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied, as stated.

11.

The allegations contained in Paragraph 11 of Plaintiffs' Complaint are denied, as stated.

12.

The allegations contained in Paragraph 12 of Plaintiffs' Complaint are denied, as stated.  In further response, any and all duties owed by the Costco Defendants were met.

13.

The allegations contained in Paragraph 13 of Plaintiffs' Complaint are denied, as stated.

14.

The allegations contained in Paragraph 14 of Plaintiffs' Complaint are denied.

15.

The allegations contained in Paragraph 15 of Plaintiffs' Complaint are denied.

16.

The allegations contained in Paragraph 16 of Plaintiffs' Complaint are denied .

17.

The allegations contained in Paragraph 17 of Plaintiffs' Complaint are denied.

18.

The allegations contained in Paragraph 18 of Plaintiffs' Complaint are denied.

19.

It is admitted that Excell Refrigeration of South Carolina, Inc. was hired by Costco Wholesale to perform maintenance of certain food and beverage coolers within the Costco Wholesale store at issue.  The remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint are denied, as stated.

20.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and, therefore, this paragraph can neither be admitted nor denied.

21.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and, therefore, this paragraph can neither be admitted nor denied.

22.

The allegations contained in Paragraph 22 of Plaintiffs' Complaint are denied, as stated.

23.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint and, therefore, this paragraph can neither be admitted nor denied.

24.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint and, therefore, this paragraph can neither be admitted nor denied.

25.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Complaint and, therefore, this paragraph can neither be admitted nor denied.

26.

The allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied, as stated.

## COUNT ONE: NEGLIGENCE OF THE COSTCO DEFENDANTS

27.

These Defendants incorporate herein by reference their responses to Paragraphs 1-26 above as if fully set forth herein.

28.

The allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied, as stated.   In further response, these Defendants state that any and all duties owed to Plaintiff were met.

29.

The allegations contained in Paragraph 29 of Plaintiffs' Complaint are denied.

30.

The allegations contained in Paragraph 30 (including subparagraphs a-e) of Plaintiffs' Complaint are denied.

31.

The allegations contained in Paragraph 31 of Plaintiffs' Complaint are denied as to these Defendants.

32.

The allegations contained in Paragraph 32 of Plaintiffs' Complaint are denied.

COUNT TWO:  NEGLIGENCE PER SE OF THE COSTCO DEFENDANTS

33.

These Defendants incorporate herein by reference their response to Paragraphs 1-32 above as if fully set forth herein.

34.

It is admitted that Costco Wholesale owed a duty to invitees to exercise ordinary care in keeping the premises safe.  Any and all other allegations contained in Paragraph 34 of Plaintiffs' Complaint are denied.  In further response, Defendants state that any and all duties owed were met.

35.

The allegations contained in Paragraph 35 of Plaintiffs' Complaint are denied.

36.

The allegations contained in Paragraph 36 of Plaintiffs' Complaint (including subparagraphs a-e) are denied.

37.

The allegations contained in Paragraph 37 of Plaintiffs' Complaint are denied.

38.

The allegations contained in Paragraph 38 of Plaintiffs' Complaint are denied.

## COUNT THREE: NEGLIGENCE OF DEFENDANT EXCELL REFRIGERATION OF SOUTH CAROLINA, INC.

39.

These Defendants incorporate herein by reference their responses to Paragraphs 1-38 above as if fully set forth herein.

40.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiffs' Complaint and, therefore, this paragraph can neither be admitted nor denied.

41.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiffs' Complaint and, therefore, this paragraph can neither be admitted nor denied.

42.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiffs' Complaint and, therefore, this paragraph can neither be admitted nor denied.

43.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiffs' Complaint and, therefore, this paragraph can neither be admitted nor denied.

44.

These Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiffs' Complaint and, therefore, this

paragraph can neither be admitted nor denied.  In further response, Defendants deny the relief sought in the WHEREFORE paragraph following Paragraph 44 of Plaintiffs' Complaint.

45.

Any and all allegations not specifically admitted herein are denied.

WHEREFORE, having fully Answered, Defendants demand judgment in their favor with costs cast against the Plaintiffs.  Defendants further demand a trial by jury.

Respectfully submitted this 27th day of June, 2018.

WEATHINGTON McGREW, P.C.

By:  */s/ Heather H. Miller*
_____
HEATHER H. MILLER
State Bar No.: 506756
SAMUEL E. BRITT
State Bar No.: 772418
*Counsel for Defendants Costco*
*Wholesale Corporation and Costco*
*Wholesale Membership, Inc.*

191 Peachtree Street, NE
Suite 3900
Atlanta, GA  30303
(404) 524-1600 (Phone)
(404) 524-1610 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter electronically via Peachcourt and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

David A. Wood
Wood & Wood, LLP
P.O. Box 81052
Conyers, GA  30013

*Pro Hac Vice*
Zachary B. Tenry
Tenry Law Firm
239 South Peters Road
Knoxville, TN  37923

This 27<u>th</u> day of June, 2018.

/s/ Heather H. Miller

_____
HEATHER H. MILLER
State Bar No.: 506756
SAMUEL E. BRITT
State Bar No.:  772418
*Counsel for Defendants Costco*
*Wholesale Corporation and Costco*
*Wholesale Membership, Inc.*

Weathington McGrew, P.C.
191 Peachtree Street, NE, Suite 3900
Atlanta, GA  30303
(404) 524-1600 (Phone)
(404) 524-1610 (Fax)

## W. Dan McGrew

| | |
|---|---|
| **From:** | Argus, Kristen <Kristen.Argus@aus.com> |
| **Sent:** | Wednesday, June 27, 2018 10:21 AM |
| **To:** | W. Dan McGrew |
| **Subject:** | CONTACT INFO FOR THEM Cassendra Pruitt and Richard Carey Westgate |
| **Attachments:** | pruitt.PNG; westgate.PNG |

Dan-
"Pruitt's" cell isn't in the screen shot, but it is 404-719-3483.

Pulled what I have for both for phone, email, and regular address.

Kristen

**Kristen Argus**
General Manager

Allied Universal
W: 404.898.1629 | C: 404.731.8396 | kristen.argus@aus.com

**From:** W. Dan McGrew [mailto:dmcgrew@weathingtonmcgrew.com]
**Sent:** Tuesday, June 26, 2018 7:08 PM
**To:** Argus, Kristen <Kristen.Argus@aus.com>
**Subject:** Re: Atlanta Medical Center - Depo of Cassendra Pruitt and Richard Carey Westgate

Kim Woodland. I know her well and we work well together. Kristen, if you have a minute tomorrow give me a quick buzz. Thanks. Dan

Sent from my iPad

On Jun 26, 2018, at 6:38 PM, Argus, Kristen <Kristen.Argus@aus.com> wrote:

> Dan-
> I got an encrypted msg from my client Jamey Moore today.  Can you validate which AMC counsel you talked to?  Also, Tony Nagel (he was the director of ops) during this time I believe.  He is back with our company and could be helpful.  He is with our Nat'l accounts, but I can locate him (in Atlanta).
> Kristen
>
> **Kristen Argus**
> General Manager
>
> Allied Universal
> W: 404.898.1629 | C: 404.731.8396 | kristen.argus@aus.com
>
> **From:** Argus, Kristen
> **Sent:** Tuesday, June 26, 2018 6:37 PM
> **To:** 'jamey.moore@tenethealth.com' <jamey.moore@tenethealth.com>; Moore, James <James.Moore@wellstar.org>
> **Cc:** Kenyatta Mcdonald - ABSS (Kenyatta.Mcdonald@aus.com) <Kenyatta.Mcdonald@aus.com>
> **Subject:** FW: Atlanta Medical Center - Depo of Cassendra Pruitt and Richard Carey Westgate

1

Jamey-
Our counsel Dan Mcgrew (below) says he talked with AMC counsel June 13th. I can try to validate with him if this was Kim Woodland or Yvette?

**Kristen Argus**
General Manager

Allied Universal
W: 404.898.1629 | C: 404.731.8396 | kristen.argus@aus.com

**From:** Deal, Jennifer [mailto:Jennifer.Deal@aus.com]
**Sent:** Tuesday, June 26, 2018 2:50 PM
**To:** Argus, Kristen <Kristen.Argus@aus.com>
**Subject:** FW: Atlanta Medical Center - Depo of Cassendra Pruitt and Richard Carey Westgate

Kristen:

See message below from AUS counsel Dan McGrew indicating he spoke with AMC counsel.

Dan's contact is below:

**Dan McGrew | Partner**



**Weathington McGrew, P.C.**
191 Peachtree St. NE, Suite 3900
Atlanta, GA 30303
404-524-1600 P    404-524-1793 DD    404-524-1610 F

Jennifer

**Jennifer Deal**
Manager, Legal Services

Allied Universal
W: 484.351.1432 | Jennifer.Deal@aus.com

**From:** W. Dan McGrew [mailto:dmcgrew@weathingtonmcgrew.com]
**Sent:** Wednesday, June 13, 2018 2:10 PM
**To:** Deal, Jennifer <Jennifer.Deal@aus.com>
**Cc:** Rivera, Carmen <Carmen.Rivera@aus.com>; Lora M. Rapplean <lrapplean@weathingtonmcgrew.com>
**Subject:** Re: Atlanta Medical Center - Depo of Cassendra Pruitt and Richard Carey Westgate

Spoke w counsel for AMC today. All under control. Dan

Sent from my iPad

On Jun 12, 2018, at 8:45 PM, "Deal, Jennifer" <Jennifer.Deal@aus.com> wrote:

Thanks for jumping in on this Dan.  Talk soon.

**Jennifer Deal**
Manager, Legal Services

**Allied Universal**
W: 484.351.1432 | Jennifer.Deal@aus.com

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. Any and all rights to confidentiality and privilege are not waived, and are hereby specifically preserved. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, retention, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by return email or by telephone at the above number and delete the original message and its attachments from your system.

**From:** W. Dan McGrew [mailto:dmcgrew@weathingtonmcgrew.com]
**Sent:** Tuesday, June 12, 2018 7:48 PM
**To:** Rivera, Carmen <Carmen.Rivera@aus.com>
**Cc:** Deal, Jennifer <Jennifer.Deal@aus.com>; Lora M. Rapplean <lrapplean@weathingtonmcgrew.com>
**Subject:** Re: Atlanta Medical Center - Depo of Cassendra Pruitt and Richard Carey Westgate

Thanks Carmen , we will handle. I know Kim Woodland well and will coordinate w her. Best to you and Jen ! Dan

Sent from my iPad

On Jun 12, 2018, at 5:52 PM, "Rivera, Carmen" <Carmen.Rivera@aus.com> wrote:

> Hi,
>
> Please see the below email trail in regards to the above-referenced matter.
>
> Our client's attorney is requesting to depose Account Manager Cassendra Pruitt and former Account Manager Richard Carey Westgate.
>
> Atlanta Medical Center  (Job #141245) is an active account for AlliedUniversal.  Kenyatta McDonald is the Director of Ops who may be contacted at 678-485-7744 (cell).  In addition, Kristen Argus is the General Manager who may be contacted at 404-731-8396 (Cell).
>
> Assuming no conflicts, we are requesting your assistance to take the necessary steps to represent Cassendra Pruitt, Richard Westgate and Allied Universal interest relative to this matter.  There will be no need to do any formal reporting and all invoices should be forwarded to GL_Invo.bymlwzxpjkwwm7r6@u.box.com.  In addition, Jen Deal will be your main point of contact.

3

Please note that Cassendra Pruitt is the current Account Manager for Atlanta Medical Center. However, she is out on medical leave and will return in Mid July. Also, below is the last known contact information for Richard Carey Westgate.

<image003.png>

Thank you for your assistance and I look forward to your reply.


**Carmen Rivera**
Senior Legal Specialist

**Allied Universal**
161 Washington St | Suite 600 | Conshohocken, PA 19428
W: 484.351.1450 | carmen.rivera@aus.com
www.AUS.com

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. Any and all rights to confidentiality and privilege are not waived, and are hereby specifically preserved. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, retention, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by return email or by telephone at the above number and delete the original message and its attachments from your system.


**From:** Mcdonald, Kenyatta [mailto:Kenyatta.Mcdonald@aus.com]
**Sent:** Tuesday, June 12, 2018 2:07 PM
**To:** Deal, Jennifer <Jennifer.Deal@aus.com>
**Subject:** Fwd: Atlanta Medical Center


Begin forwarded message:

**From:** Kim Woodland <kwoodland@insleyrace.com>
**Date:** June 12, 2018 at 1:26:29 PM EDT
**To:** "Mcdonald, Kenyatta" <Kenyatta.Mcdonald@aus.com>, "Etheridge, Yvette" <Yvette.Etheridge@wellstar.org>
**Cc:** "Marble, Jennifer" <Jennifer.Marble@aus.com>, "Riggin, Venisha" <venisha.riggin@aus.com>, "Tamara L. Wright" <twright@insleyrace.com>, "Kim Woodland" <kwoodland@insleyrace.com>
**Subject:** RE: Atlanta Medical Center

Ms. McDonald –

I am the attorney for Atlanta Medical Center. Counsel for a plaintiff in a medical negligence action has asked to depose individuals who viewed a security videotape of the plaintiff entering the hospital. This includes Carey Westgate and Cassie Pruitt, who we understand are employed by Allied. We made initial contact with both then ceased our efforts to interview them when we learned they were Allied employees. I need to speak to an attorney for Allied to explain the situation and obtain dates

4

when Mr. Westgate and Ms. Pruitt can be deposed. Feel free to give
your counsel my name and contact information.

Thank you,

Kim Woodland
Insley & Race, LLC
181 14th Street NE Suite 200
Atlanta, GA 30309
404-876-9818
kwoodland@insleyrace.com

**From:** Mcdonald, Kenyatta [mailto:Kenyatta.Mcdonald@aus.com]
**Sent:** Monday, June 11, 2018 7:04 PM
**To:** Etheridge, Yvette
**Cc:** Kim Woodland; Marble, Jennifer; Riggin, Venisha
**Subject:** Re: Atlanta Medical Center

Thank you.

Our Legal Team will be in touch within the week.

If you are able to share exactly the specifics on this matter and what
documentation is needed to help expedite this request; that will be a
greatly appreciative!

Thanks

**Mr. Kenyatta McDonald**
Director of Operations

**Allied Universal Security Services**
1438 West Peachtree St. NW | Suite #100 | Atlanta, GA 30309
W: 404.898.1648 | Kenyatta.McDonald@aus.com
www.AUS.com | Blog | View my LinkedIn

<image001.jpg>

*Note that my email address has changed. Please update your records.*

<image002.png>

This e-mail transmission and any documents, files or previous e-mail messages attached to it, may be privileged and confidential and is intended only for the use of the intended recipient of this message. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, retention, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by return email or by telephone at the above number and delete the message and its attachments

On Jun 11, 2018, at 5:24 PM, Etheridge, Yvette
<Yvette.Etheridge@wellstar.org> wrote:

Hello,

I appreciate your response to Mr. Moore's request (Allied
Universal).

Again, it is imperative that I speak with you legal representative as
soon as possible so that this matter can be resolved.

Thank you,

Yvette W. Etheridge, RN. MSN.
Clinical Risk Management
WellStar Atlanta Medical Center
1170 Cleveland Ave.
Atlanta, GA   30344

Office: 404-466-4325 (south campus)
Office: 404-265-3541 (downtown campus)
Fax: 404-265-6587
E-mail: yvette.etheridge@wellstar.org

<image001.png>

NOTE:  This email and any files transmitted with it may contain
confidential and /or proprietary information in the possession of
WellStar Health System, Inc. ("WellStar") and is intended only for the
individual or entity to whom addressed. This email may contain
information that is held to be privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the
intended recipient, you are hereby notified that any unauthorized
access, dissemination, distribution or copying of any information from
this email is strictly prohibited, and may subject you to criminal and/or
civil liability. If you have received this email in error, please notify the
sender by reply email and then delete this email and its attachments
from your computer. Privileged and Confidential: - Thank you.

This email and any files transmitted with it may contain
confidential and /or proprietary information in the possession of
WellStar Health System, Inc. ("WellStar") and is intended only for
the individual or entity to whom addressed. This email may
contain information that is held to be privileged, confidential and
exempt from disclosure under applicable law. If the reader of this
message is not the intended recipient, you are hereby notified that
any unauthorized access, dissemination, distribution or copying of

any information from this email is strictly prohibited, and may subject you to criminal and/or civil liability. If you have received this email in error, please notify the sender by reply email and then delete this email and its attachments from your computer. - Thank you.

"Information contained in this e-mail transmission is privileged, confidential and intended only for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this e-mail transmission is strictly prohibited."

"Information contained in this e-mail transmission is privileged, confidential and intended only for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this e-mail transmission is strictly prohibited."

**W. Dan McGrew** | Partner



**Weathington McGrew, P.C.**
191 Peachtree St. NE, Suite 3900
Atlanta, GA 30303
404-524-1600 P   404-524-1793 DD   404-524-1610 F

dmcgrew@weathingtonmcgrew.com
www.weathingtonmcgrew.com

 

**CONFIDENTIALITY NOTICE:**
This e-mail transmission and any attachments contain information from Weathington McGrew, P.C., and may be confidential and/or legally privileged. The information is intended only for the use of the named addressee(s), and no other person is authorized to read, disseminate, distribute, copy, or otherwise disclose the contents of this message and/or any attachments. If you have received this e-mail in error, please reply to the sender immediately and delete this e-mail and attachments from your e-mail program (including your "Deleted Files" folder). Thank you.

Case 1:18-cv-00109-JRH-BKE   Document 1-1   Filed 06/28/18   Page 40 of 48

❶ Consumer Alert: Be aware of misleading letters asking for money from your business. See our <u>NEWS RELEASE for more information. (/office/news-releases.aspx#/news/1289)</u>



# COSTCO WHOLESALE CORPORATION

| | |
|---|---|
| **UBI #** | 601 024 674 |
| **Status** | ACTIVE |
| **Expiration Date** | 5/31/2019 |
| **Period of Duration** | PERPETUAL |
| **Business Type** | WA PROFIT CORPORATION |
| **Date of Incorporation** | 5/12/1987 |
| **State of Incorporation** | WASHINGTON |
| **Registered Agent** | JOHN SULLIVAN<br>999 LAKE DR<br>ISSAQUAH, WA 98027 |
| **Governing Persons** | MARGARET MCCULLA — GOVERNOR<br><br>GAIL TSUBOI — GOVERNOR<br><br>RICHARD GALANTI — GOVERNOR<br><br>JOHN SULLIVAN — GOVERNOR<br><br>PATRICK CALLANS — GOVERNOR<br><br>WALTER JELINEK — GOVERNOR<br><br>JEFFREY ELLIOTT |

Current as of:
6/28/2018 9:59 AM





# GEORGIA
# CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
# BRIAN P. KEMP

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **COSTCO WHOLESALE CORPORATION** | Control Number: | **K618658** |
| Business Type: | **Foreign Profit Corporation** | Business Status: | **Active/Compliance** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **P.O. Box 35005, Seattle, WA, 98124-3405, USA** | Date of Formation / Registration Date: | **6/12/1996** |
| Jurisdiction: | **Washington** | Last Annual Registration Year: | **2018** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **C T Corporation System** |
| Physical Address: | **289 S Culver St, Lawrenceville, GA, 30046-4805, USA** |
| County: | **Gwinnett** |

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| John Sullivan | Secretary | 999 LAKE DRIVE, ISSAQUAH, WA, 98027, USA |
| RICHARD A. GALANTI | CFO | 999 LAKE DRIVE, ISSAQUAH, WA, 98027, USA |
| WALTER CRAIG JELINEK | CEO | 999 LAKE DRIVE, ISSAQUAH, WA, 98027, USA |

Back      Filing History      Name History

Return to Business Search



Office of the Georgia Secretary of State Attn: 2 MLK, Jr. Dr. Suite 313, Floyd West Tower Atlanta, GA 30334-1530,
Phone: (404) 656-2817 Toll-free: (844) 753-7825, WEBSITE: http://www.sos.ga.gov/
© 2015 PCC Technology Group. All Rights Reserved. Version 4.4.1      **Report a Problem?**

❶ Consumer Alert: Be aware of misleading letters asking for money from your business. See our <u>NEWS RELEASE for more information. (/office/news-releases.aspx#/news/1289)</u>



# COSTCO WHOLESALE MEMBERSHIP, INC.

| | |
|---|---|
| **UBI #** | 602 074 668 |
| **Status** | ACTIVE |
| **Expiration Date** | 10/31/2018 |
| **Period of Duration** | PERPETUAL |
| **Business Type** | FOREIGN PROFIT CORPORATION |
| **Date of Incorporation** | 10/26/2000 |
| **State of Incorporation** | CALIFORNIA |
| **Registered Agent** | JOHN SULLIVAN<br>999 LAKE DR<br>ISSAQUAH, WA 98027 |
| **Governing Persons** | RICHARD GALANTI — GOVERNOR |
| | COSTCO WHOLESALE CORPORATION — GOVERNOR |
| | SANDRA TORREY — GOVERNOR |
| | GAIL TSUBOI — GOVERNOR |
| | WALTER JELINEK — GOVERNOR |
| | JOHN SULLIVAN — GOVERNOR |
| | PAUL LATHAM — GOVERNOR |

Current as of:
6/28/2018 10:02 AM



DEFENDANT'S
EXHIBIT
E

# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE

# BRIAN P. KEMP

HOME (/)

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **COSTCO WHOLESALE MEMBERSHIP, INC.** | Control Number: | **0110754** |
| Business Type: | **Foreign Profit Corporation** | Business Status: | **Active/Compliance** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **999 Lake Drive, Issaquah, WA, 98027, USA** | Date of Formation / Registration Date: | **3/6/2001** |
| Jurisdiction: | **California** | Last Annual Registration Year: | **2018** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **C T Corporation System** |
| Physical Address: | **289 S Culver St, Lawrenceville, GA, 30046-4805, USA** |
| County: | **Gwinnett** |

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| John C Sullivan | Secretary | 999 LAKE DRIVE, ISSAQUAH, WA, 98027, USA |
| RICHARD ALAN GALANTI | CFO | 999 LAKE DRIVE, ISSAQUAH, WA, 98027, USA |
| Walter Craig Jelinek | CEO | 999 LAKE DRIVE, ISSAQUAH, WA, 98027, USA |

Back       Filing History      Name History

Return to Business Search



DEFENDANT'S EXHIBIT F

Office of the Georgia Secretary of State Attn: 2 MLK, Jr. Dr. Suite 313, Floyd West Tower Atlanta, GA 30334-1530, Phone: (404) 656-2817 Toll-free: (844) 753-7825, WEBSITE: http://www.sos.ga.gov/

© 2015 PCC Technology Group. All Rights Reserved. Version 4.4.1      Report a Problem?

South Carolina Secretary of State Mark Hammond

# Business Entities Online

File, Search, and Retrieve Documents Electronically

---

# EXCELL REFRIGERATION OF SOUTH CAROLINA, INC.

## Corporate Information

**Entity Type:** Corporation

**Status:** Good Standing

**Domestic/Foreign:** Domestic

**Incorporated State:** South Carolina

## Important Dates

**Effective Date:** 02/08/1996

**Expiration Date:** N/A

**Term End Date:** N/A

**Dissolved Date:** N/A

## Registered Agent

**Agent:** GLENTAYLOR

**Address:** 359 RIVERCHASE WAY
LEXINGTON, South Carolina   29072

## Official Documents On File

| Filing Type | Filing Date |
|---|---|
| Change of Agent or Office | 01/19/2001 |
| Change of Agent or Office | 10/12/2000 |
| Incorporation | 02/08/1996 |

---

For filing questions please contact us at **803-734-2158**

Copyright © 2018 State of South Carolina



DEFENDANT'S EXHIBIT

6



## GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
# BRIAN P. KEMP

HOME (/)

## BUSINESS SEARCH

### BUSINESS INFORMATION

Business Name: **EXCELL REFRIGERATION OF SOUTH CAROLINA, INC.**

Control Number: **11016273**

Business Type: **Foreign Profit Corporation**

Business Status: **Active/Compliance**

Business Purpose: **NONE**

Principal Office Address: **359 RIVERCHASE WAY, Lexington, SC, 29072, USA**

Date of Formation / Registration Date: **2/22/2011**

Jurisdiction: **South Carolina**

Last Annual Registration Year: **2018**

### REGISTERED AGENT INFORMATION

Registered Agent Name: **National Registered Agents, Inc.**

Physical Address: **289 S. Culver Street, Lawrenceville, GA, 30046-4805, USA**

County: **Fulton**

### OFFICER INFORMATION

| Name | Title | Business Address |
| --- | --- | --- |
| GLENN TAYLOR | CEO | 359 RIVERCHASE WAY, Lexington, SC, 29072, USA |
| MIKE DRISCOLL | Secretary | 359 RIVERCHASE WAY, Lexington, SC, 29072, USA |
| RAY TAYLOR | CFO | 359 RIVERCHASE WAY, Lexington, SC, 29072, USA |

Back            Filing History        Name History

Return to Business Search



## IN THE SUPERIOR COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

BRENDA D. WHITE and husband,    )
ULYSSES WHITE,    )
    )
    Plaintiff,    )
    )
vs.    )   Civil Action
    )   File No.:  2018RCCV270
COSTCO WHOLESALE CORPORATION,    )
COSTCO WHOLESALE MEMBERSHIP, INC. )
and EXCELL REFRIGERATION OF SOUTH    )
CAROLINA, INC.    )
    )
    Defendants.    )

## DEFENDANTS COSTCO WHOLESALE CORPORATION AND COSTCO WHOLSALE MEMBERSHIP, INC.'S  NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, on June 28, 2018, Defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. jointly filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the above-captioned action from the Superior Court of Richmond County, State of Georgia to the United States District Court for the Southern District of Georgia.  A true and correct copy of the Notice of Removal is attached hereto as **Exhibit 1.**

PLEASE TAKE FURTHER NOTICE that, upon the filing of the Notice of Removal with the Clerk of the United States District Court for the Southern District of Georgia, and filing copies thereof with the Clerk of the Superior Court of Richmond County, State of



Georgia, the Defendants have effected removal and the Superior Court shall proceed no

further in this action unless and until the case is remanded pursuant to 28 U.S.C. § 1446(d).

This <u>28th</u> day of June, 2018.

WEATHINGTON MCGREW, P.C.

By:    */s/ Heather H. Miller*

HEATHER H. MILLER
Georgia State Bar No. 506756
SAMUEL E. BRITT
Georgia State Bar No. 772418
*Counsel for Defendants Costco Wholesale*
*Corporation and Costco Wholesale*
*Membership, Inc.*

191 Peachtree Street, N.E.
Suite 3900
Atlanta, Georgia  30303
(404) 524-1600 (Phone)
(404) 524-1610 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter via Odyssey EFileGA and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

David A. Wood
Wood & Wood, LLP
P.O. Box 81052
Conyers, GA  30013

*Pro Hac Vice*
Zachary B. Tenry
Tenry Law Firm
239 South Peters Road
Knoxville, TN  37923

This 28th day of June, 2018.

/s/ Heather H. Miller
_____
HEATHER H. MILLER
Georgia State Bar No. 506756
SAMUEL E. BRITT
Georgia Bar No. 772418
*Counsel for Defendants Costco Wholesale*
*Corporation and Costco Wholesale*
*Membership, Inc.*

Weathington McGrew, P.C.
191 Peachtree Street, N.E.
Suite 3900
Atlanta, Georgia  30303
(404) 524-1600 (Phone)
(404) 524-1610 (Fax)