IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRENDA D. WHITE and ULYSSES WHITE, husband, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 118-109 |
| COSTCO WHOLESALE CORPORATION; COSTCO WHOLESALE MEMBERSHIP, INC.; and EXCELL REFRIGERATION OF SOUTH CAROLINA, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

As a result of Plaintiff Brenda White slipping and falling in a puddle of clear liquid on the floor of a Costco Wholesale store, she alleges Defendants are liable for her bodily injuries as a result of the fall, as well medical expenses and damages for her pain and suffering. Plaintiff Ulysses White alleges damages based on a loss of the consortium and companionship of his wife, as well as other unspecified financial damages. (See Compl., doc. no. 1-1.) Plaintiffs filed this action in the Superior Court of Richmond County, and the Costco Defendants filed a Notice of Removal on June 28, 2018, asserting diversity of citizenship and an "apparent" amount in controversy that exceeds $75,000. (Doc. no. 1, p. 5.) Defendant Excell Refrigeration of South Carolina, Inc., filed a Consent to Removal, in which it states "a good faith belief" the matter in controversy exceeds $75,000 based on the

type of damages claimed by Plaintiffs. (Doc. no. 4, p. 3.) There is no specific amount of damages claimed in the complaint.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Further, the burden of proving the jurisdictional amount lies with the removing defendant. Id.

Here, Plaintiffs do not request a specific amount of damages in the complaint. (See generally doc. no. 1-1.) The stated basis for satisfaction of the amount in controversy is the "apparent" request for damages in excess of $75,000, and a "good faith belief" about the amount in controversy based on the type of damages sought. Thus, it is not facially apparent from the complaint that Plaintiffs' claims exceed the amount in controversy requirement.

"[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not

2

later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Accordingly, the Court **ORDERS** the removing Defendants to provide sufficient evidence **within fourteen days of the date of this Order** that the jurisdictional amount is in controversy.

SO ORDERED this 30th day of July, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA