IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRENDA D. WHITE and ULYSSES WHITE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 118-109 |
| COSTCO WHOLESALE CORPORATION; COSTCO WHOLESALE MEMBERSHIP INC.; and EXCELL REFRIGERATION OF SOUTH CAROLINA, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In consideration of the record, the Court **REPORTS** and **RECOMMENDS** this case be **REMANDED** to the Superior Court of Richmond County, Georgia, based on lack of subject-matter jurisdiction and this civil action be **CLOSED**.

## I.   BACKGROUND

As a result of Plaintiff Brenda White slipping and falling in a puddle of clear liquid on the floor of a Costco Wholesale store, she alleges Defendants are liable for her bodily injuries, as well as medical expenses and damages for her pain and suffering. Plaintiff Ulysses White alleges damages based on a loss of the consortium and companionship of his wife, as well as other unspecified financial damages. (See Compl., doc. no. 1-1.) Plaintiffs filed this action in the Superior Court of Richmond County, and the Costco Defendants filed a Notice of Removal on June 28, 2018, asserting diversity of citizenship and an "apparent"

amount in controversy that exceeds $75,000. (Doc. no. 1, p. 5.) Defendant Excell Refrigeration of South Carolina, Inc., ("Excell") filed a Consent to Removal, in which it states "a good faith belief" the matter in controversy exceeds $75,000 based on the type of damages claimed by Plaintiffs. (Doc. no. 4, p. 3.) There is no specific amount of damages claimed in the complaint.

On July 30, 2018, the Court ordered Defendants to provide sufficient evidence establishing the amount in controversy within fourteen days, after finding it is not facially apparent from the complaint Plaintiffs' claim exceeds the amount-in-controversy requirement. (Doc. no. 14.) In Excell's Statement Providing Evidence that the Jurisdictional Amount is in Controversy, defense counsel argues Plaintiffs' post-removal initial disclosures show Mrs. White is seeking medical expenses in the amount of $54,298.10, unknown future medical expenses, and $250,000 for pain and suffering and loss of enjoyment of life. (Doc. no. 16.) Also, Excell asserts Mrs. White is seeking an uncertain sum of fees, costs after judgment, and pre-judgment interest. (Id.) Because Excell claims Plaintiffs have, by way of post-removal initial disclosures, claimed special damages in the amount of $54,298.10, and because they seek general damages for pain and suffering, the defense asserts Plaintiffs are claiming at least $304,298.10 in damages. (Doc. no. 16.)

## II. DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . .

. . ." 28 U.S.C. § 1332(a)(1). The Court construes the removal statute narrowly. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010).

A removing defendant has the burden to establish federal jurisdiction. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). And the removing party must point to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751.

Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754. That is, the existence of jurisdiction should not be "divined by looking to the stars." Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted).

3

Here, Defendants have failed to meet their burden by a preponderance of the evidence to show that the amount in controversy exceeds $75,000. The general request for future medical expenses and pain and suffering in Plaintiffs' complaint and Excell's Statement provide no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations. Pretka, 608 F.3d at 753. The only item of damages the Court can reasonably calculate is $54,298.10 in past medical expenses which when combined with Plaintiffs' general damages plea does not establish by a preponderance of the evidence an amount in controversy exceeding $75,000.

This finding is in line with the conclusions of District Courts within the Eleventh Circuit. See Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga. Nov. 9, 2016) (finding no jurisdiction in pressure washer injury case with $36,000 in medicals, post-removal response to request for admission that damages exceed $75,000, and $100,000 settlement demand), *adopted by*, 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016) (Hall, C.J.); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by*, 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016) (Hall, C.J.); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000) but see Farley v. Variety Wholesalers, Inc., No.

5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and possibility of two future surgeries).

### III. CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the Superior Court of Richmond County, Georgia, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of August, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA